UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVONTAE LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 21-4063-MMM |
| | ) |
| J.B. PRITZKER, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, has filed a complaint alleging deliberate indifference and unconstitutional conditions of confinement at the Hill Correctional Center ("Hill"). The complaint is now before the Court for purposes of a merit review. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## FACTS

Plaintiff has named Illinois Governor J.B. Pritzker; Rob Jeffreys, the Director of the Illinois Department of Corrections ("IDOC"); Hill Warden Christine Brannon; and Hill Medical Director Jonathan Ek. Plaintiff alleges that all Defendants were deliberately indifferent when they failed "to implement policies or protocols to trace, track, or test for the Covid-19 virus for eight months at the Hill Correctional Center, despite having the capabilities to at the least test, employees who entered the facility…" Plaintiff alleges he contracted COVID-19 in December 2020, but Defendant Director Jeffreys did not order the testing of inmates and staff until early January 2020.

Plaintiff asserts that when he began experiencing COVID-19 symptoms in December 20, 2020, he asked to be tested, but his sick call requests were ignored. When facility wide COVID-19 testing began in early January 2020, Plaintiff was found to be COVID-19 positive. While Plaintiff asserts that he should have been tested earlier, he does not allege that he suffered any harm as a result. He does not, for instance, allege that had he been tested when he first developed symptoms the severity or duration of the infection would have been different.

Plaintiff, in fact, does not allege that his COVID-19 infection was not properly treated at the time. He claims, however, that he now has breathing issues, not otherwise elaborated, which have not been adequately treated. However, Plaintiff does not plead that he asked any Defendant for related medical treatment, or that any Defendant was aware he needed treatment.

Plaintiff also alleges unconstitutional conditions of confinement regarding the facility-wide lockdown ordered by Governor Pritzker on March 20, 2020. While Plaintiff admits that the lockdown was undertaken to control the spread of the virus, he claims that confining him to a 64 square foot cell with another inmate amounted to cruel and him and unusual punishment. Plaintiff complains that the cell was not designed to be used as a gym and was not a large enough for rigorous exercise, although he was able to engage in low impact exercise. Plaintiff claims to have had no outdoor exercise from October 2020 through February 2021, with limited exercise up to one hour once or twice per month since. Plaintiff also complains that he was not issued a face mask until April 25, 2020, and that he was not issued antibacterial soap or hand sanitizer.

**ANALYSIS**

For a prison official to be liable for deliberate indifference, he must have known of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff fails to plead that any Defendant was aware and, therefore, personally liable for

2

deliberate indifference to his serious medical needs. As noted, Plaintiff does not claim that his COVID-19 symptoms were not properly treated, only claiming inadequate treatment of his subsequently developed breathing issues. Plaintiff does not, however, plead that he asked any Defendant for medical treatment for either issue, or that any Defendant was aware he needed treatment. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir.2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1037–38 (N.D.Ill.2013) (quoting *Sanville,* 266 F.3d at 740). Plaintiff fails to plead that any Defendant was personally responsible for the alleged lack of medical care.

Not only has Plaintiff failed to state an individual capacity claim against Defendants, he is precluded from asserting an official capacity claim against them, at least as concerns Governor Pritzker, IDOC Director Jeffreys and Warden Brannon. This is so, as these individuals are state officials, who may not be sued for money damages in their official capacities. "Official capacity suits, generally represent an action against an entity of which an officer is an agent." *Brandon v. Holt*, 469 U.S. 464, 469 (1985). It is not a suit against the official personally, for the real party in interest is the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As agencies of the State of Illinois, IDOC and Hill enjoy the State's Eleventh Amendment sovereign immunity. *See Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). *See Wittmer v. Peters*, 904 F. Supp. 845, 855 (C.D.

...

Ill. 1995), *aff'd,* 87 F.3d 916 (7th Cir. 1996) (applying Eleventh Amendment sovereign immunity to dismiss claim for money damages against Warden in his official capacity).

In addition, The State of Illinois, IDOC and Hill, are not "persons" amendable to suit for money damages under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section1983…" (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). *See Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013)(dismissing IDOC and the East Moline Correctional Center as not persons amendable to suit under § 1983).

If Medical Director Ek is a state official, something not clear from the complaint, he is subject to the same prohibitions. If he is not, he cannot be sued in his official capacity unless he promulgated an unconstitutional policy. *See Williams v. Redman*, No. 20-196, 2021 WL 1907224 (N.D. Ind. May 12, 2021). "[A]n official capacity suit is another way of pleading an action against an entity of which the officer is an agent. Therefore, [plaintiff] must plausibly allege municipal liability as laid out in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Monell* does not allow liability based on unconstitutional acts of individual employees, but instead requires an action attributable to the organization as a whole." (Internal citations omitted). Plaintiff has not plead such a claim against Defendant Ek and, despite identifying him in the caption, has not plead against him in the body of the complaint. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998) (merely naming a defendant in the caption is insufficient to state a claim).

Plaintiff's complaint may be liberally interpreted, however, to assert a personal capacity claim against Governor Pritzker who ordered the lockdown and Defendants Jeffreys and Brannon, who were likely aware that inmates were locked down in small cells with limited

opportunity to exercise. Here, however, Plaintiff must establish not only that Defendants were aware of an "objectively, sufficiently serious" condition, but that they "activated with a sufficiently culpable state of mind…". *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008) (quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)).

To plead a culpable state of mind, Plaintiff must demonstrate that Defendants disregarded a substantial risk of harm. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). The allegations here do not support that Defendants disregarded a risk to Plaintiff but, rather, that they implemented measures to avert the risk. *See Bowyer v. Johnson*, No.12-02718, 2021 WL 533723, at *2 (S.D. Ind. Feb. 11, 2021) (quoting *Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015). "While the Seventh Circuit has 'recognized that lack of exercise can rise to a constitutional violation' when an inmate's movement is restricted to the point where her health is threatened, it has also made clear that not all restrictions on exercise violate the Constitution." *Bowyer*, 2021 WL 533723, at *2 (dismissing claim of insufficient exercise due to COVID-19-related lockdown at merit review). Here, Plaintiff fails to plead that the lockdown evidenced a "total unconcern for the prisoner's welfare." *Money v. Pritzker*, 453 F. Supp. 3d 1103, 1131 (N.D. Ill. 2020) (quoting *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012)).

Plaintiff's allegation as to the lack of facemasks, antibacterial soap, and hand sanitizer also fail to state a claim. *See Burnette v. Schmaling*, No. 20-1792, 2021 WL 1192362, at *2 (E.D. Wis. Mar. 30, 2021) (internal citation omitted). "[E]ven though housing inmates in close quarters and staff not wearing masks at all times may not be ideal practices, 'the challenges of managing [the pandemic] in a correctional setting are astronomical.'" *Id.* at *2 (lack of social distancing, inconsistent mask wearing and lack of hand sanitizer did not amount to inhumane conditions of confinement). *See Money*, 453 F. Supp. 3d at 1136–37 ("[w]e emphasize that Defendants have

broad authority to voluntarily take steps that may prevent the life-threatening spread of COVID-19 within their prisons, and we recognize the deference that is due to prison authorities to determine which additional measures must be taken to avoid catastrophic results.")

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. It appears unlikely that Plaintiff can state a colorable claim under these facts. Out of an abundance of caution, however, Plaintiff will be given a final opportunity to file an amended complaint within 30 days. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

 8/3/2021  
ENTERED

 s/Michael M. Mihm  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE