UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LEVONTAE LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-cv-4063-MMM |
| | ) |
| J.B. PRITZER, et. al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

**Michael M. Mihm, U.S. District Judge:**

Plaintiff, proceeding *pro se*, has filed an amended complaint under 42 U.S.C. § 1983 alleging deliberate indifference and unconstitutional conditions of confinement at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## FACTS

Plaintiff's amended complaint is virtually identical to his original complaint. Once again, Plaintiff has named as Defendants Illinois Governor J.B. Pritzker; Rob Jeffreys, the Director of

the Illinois Department of Corrections ("IDOC"); Hill Warden Christine Brannon; and Hill Medical Director Jonathan Ek. Plaintiff alleges that all Defendants were deliberately indifferent when they failed "to implement policies or protocols to trace, track, or test for the Covid-19 virus for eight months at the Hill Correctional Center, despite having the capabilities to at the least test, employees who entered the facility…"

His amended complaint, however, adds that the Defendants had policymaking authority and failed to implement a tracing, tracking, or testing policy for prisoners or employees, which caused him to be infected with COVID-19 and suffer symptoms. He states that he is bringing this claim as an individual capacity suit pursuant to *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978). Plaintiff alleges that due to this lack of policy, he fell sick with COVID-19 on December 20, 2020, although he was not tested until January 2021. This caused him to fear for his life and he was not provided any anti-virus medication against COVID-19. However, Plaintiff does not plead that he asked any Defendant for related medical treatment, or that any Defendant was aware he needed treatment that he did not receive. His allegations related to the Defendants are only that the failure to implement tracing, tracking, and testing policies led to his COVID-19 infection.

Plaintiff also alleges unconstitutional conditions of confinement regarding the facility-wide lockdown ordered by Governor Pritzker on March 20, 2020. While Plaintiff admits that the lockdown was undertaken to control the spread of the virus, he claims that confining him to a 64-square foot cell with another inmate amounted to cruel and unusual punishment. Plaintiff complains that the cell was not designed to be used as a gym and was not a large enough for rigorous exercise without cooperation of his cellmate. However, he was able to engage in low impact exercise. Plaintiff claims to have had no outdoor exercise from October 2020 through

February 2021, with limited exercise up to one hour once or twice per month since. Plaintiff's only addition to this section of his amended complaint is a citation to *Turley v. Rednour,* 729 F.3d 652 (7th Cir. 2013).

## ANALYSIS

### *Count One: Failure to Implement Policy to Trace, Track, or Test for Covid-19*

Plaintiff's amended complaint clarifies that he is arguing that Defendants violated the constitution by failing to implement a policy of tracing, tracking, or testing earlier in the pandemic and that this failure caused his COVID-19 infection. Plaintiff cites to *Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978), in support of his claim. To recover under *Monell*, a plaintiff must establish that (1) he suffered a deprivation of a federal right (2) as a result of an express municipal policy, a widespread custom, or a deliberate act of a decisionmaker with final policymaking authority for the municipality that (3) was the proximate cause of his injury. *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014). Here, there is no municipal defendant. Further Governor Pritzker, Director Jeffreys, and Warden Brannon are all state actors. As explained in the Court's previous Merit Review Order, they cannot be sued in their official capacity because they enjoy the State's Eleventh Amendment sovereign immunity. *See Sittig v. Illinois Dept. of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). *See Wittmer v. Peters*, 904 F. Supp. 845, 855 (C.D. 4 Ill. 1995), aff'd, 87 F.3d 916 (7th Cir. 1996) (applying Eleventh Amendment sovereign immunity to dismiss claim for money damages against Warden in his official capacity).

If Medical Director Ek is a state official, something not clear from the complaint, he is subject to the same prohibitions. Moreover, assuming for purposes of this order that Medical Director Ek is not a state official, the Court finds that Plaintiff has not alleged an official capacity suit against him under *Monell.* Put in the *Monell* framework, Plaintiff alleges that by failing to implement a policy for tracking, tracing, and testing for COVID-19 among all staff and inmates, he was subject to unconstitutional conditions of confinement and was infected with the coronavirus. However, assuming the conditions of confinement amounted to a constitutional injury, Plaintiff fails to allege that Medical Director Ek would have had the broad policy making ability to require all staff to be subject to such a policy. Medical Director Ek's lack of policy making ability to impose such a policy on staff also dooms a claim against him in his individual capacity.

Plaintiff also seeks to bring his claims against the Governor Pritzker, Director Jeffreys, and Warden Brannon in their individual capacity based on their failure to implement a policy to track, trace, and test for COVID-19. For a prison official to be liable for deliberate indifference, he must have known of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff must plead that "the conditions at issue were 'sufficiently serious' so that 'a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities'" and that the prison official acted with deliberate indifference to the conditions in question. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970 (1994)). Showing deliberate indifference is a "high hurdle" as it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012) (internal quotations and citation omitted). Plaintiff has adequately alleged that the conditions at issue, the pandemic, were

sufficiently serious. Plaintiff has also alleged that Governor Pritzker, Director Jeffreys, and Warden Brannon each had the authority and obligation to implement adequate safeguards against the COVID-19 for prisoners, who are forced to live in a congregate living situation and unable to personally control their risks of contracting COVID-19. Moreover, each of the Defendants was aware of the dangers of the COVID-19 pandemic.

However, Plaintiff has failed to plead sufficient facts to show that Defendants' response to the pandemic was so unreasonable as to amount to deliberate indifference. If Defendants had failed to implement any policies, Plaintiff would have a strong case. Plaintiff, however, has only highlighted Defendants' failure to implement a sufficient tracking, tracing, and testing policy earlier than January 2021. He alleges that because there were no visitations permitted, only staff members could have been responsible for introducing the virus to the facility. Accordingly, he believes that routine testing of staff would have prevented his infection. Plaintiff also notes in his complaint that the Defendants did implement a number of policies, including a prison lockdown, elimination of in-person visitations from friends and family, and face masks that were issued as early as April 25, 2020, all of which were aimed at decreasing the risk of a COVID-19 outbreak at the prison. While Plaintiff alleges that a tracking, tracing, and testing policy may have been more effective, he has not plead facts to show Defendants' overall response was so lacking as to show deliberate indifference to his welfare. *See also, Money v. Pritzker*, 453 F. Supp. 3d 1103, 1131 (N.D. Ill. 2020) ("[G]iven the constantly shifting parameters and guidance regarding how to combat a previously little known virus, it is worth pointing out that 'the mere failure * * * to choose the best course of action does not amount to a constitutional violation.'" (quoting *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002)).

### Count Two: Failure to Allow for Exercise for COVID-19 Invoked Lockdown

Plaintiff's complaint also asserts a personal capacity claim against Governor Pritzker, Director Jeffreys, and Warden Brannon for their failure to adjust lockdown procedures to include out-of-cell time for exercise, sun light, and fresh air for an eight month period. He says this amounted to cruel and unusual punishment. "The Eighth Amendment prohibits prison officials from knowingly disregarding substantial risks of serious harm." *Riley v. Ewing,* 777 F. App'x 159, 162 (7th Cir. 2019). A denial of exercise privileges can support an Eighth Amendment conditions of confinement claim. *See Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (the plaintiff stated Eighth Amendment claim where cumulative effect of repeated lockdowns deprived him of yard privileges, and cell was too small for physical activity); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) ("Lack of exercise could rise to a constitutional violation where movement is denied and muscles are allowed to atrophy, and the health of the individual is threatened.").

Here, however, while Plaintiff alleges that his cell was small and physical exercise was difficult, he has not alleged it was impossible. Rather, he has alleged that exercise in the cell can only be done if your cellmate is willing to put up with "sweat splashed on him" and "someone in their face breathing heavy." Plaintiff alleges that his cellmate was unwilling to do this, making Plaintiff unable to exercise in his cell. However, Plaintiff's allegations show that *some* inmates would have been able to exercise in their cell. And, he has not alleged that any of the named Defendants personally knew that Plaintiff was unable to exercise. Plaintiff also pleads that during some periods outside exercise was permitted once or twice a month and that he was able to do light exercise in his cell. Moreover, while Plaintiff alleges that the lack of exercise caused him to suffer "anxiety, depression, headaches, constipation, confusion at times, and fear," he does not allege that Defendants knew of these conditions. Accordingly, Plaintiff has failed to allege that

the Defendants knew of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's complaint is DISMISSED. He will be given an opportunity to file a second amended complaint, consistent with this ruling.

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will be given a final opportunity, within 30 days, to file a second amended complaint. The second amended complaint is to stand complete on its own without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

3/11/2022                                        /s/ Michael M. Mihm
ENTERED                                       MICHAEL M. MIHM
                                                       UNITED STATES DISTRICT JUDGE