E-FILED
Friday, 24 June, 2022  04:21:33 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LEVONTAE LAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 21-cv-4063-MMM** |
| | ) | |
| **J.B. PRITZKER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, has filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging deliberate indifference and unconstitutional conditions of confinement at Hill Correctional Center ("Hill") during the COVID-19 pandemic. (Doc. 10).

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

This Court dismissed Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A and gave Plaintiff a final opportunity to amend his complaint. (Doc. 8).

1

The allegations in his Second Amended Complaint are largely unchanged. Plaintiff again names Rob Jeffreys, the Director of the Illinois Department of Corrections ("IDOC"); Hill Warden Christine Brannon-Dortch; and Hill Medical Director Dr. Jonathan Ek. Plaintiff does not name Illinois Governor J.B. Pritzker as a Defendant.

First, Plaintiff alleges that Defendants were deliberately indifferent when they failed "to implement policies or protocols to trace, track, or test for the Covid-19 virus" for eight months at Hill in 2020, despite having the ability to test employees who entered the facility. Plaintiff alleges he contracted COVID-19 in December 2020, but Defendant Jeffreys did not order the testing of inmates and staff until early January 2021. Upon implementation of testing protocols, many prisoners and employees tested positive. While Plaintiff asserts that he should have been tested sooner, he does not allege that he suffered any harm as a result and admits that he received treatment for his symptoms. Plaintiff states that he still experiences lingering breathing/lung issues; however, Plaintiff does not plead that he asked Defendants for medical treatment or that they were aware he needed treatment.

Plaintiff also alleges unconstitutional conditions of confinement regarding the facility-wide lockdown ordered by Governor Pritzker on March 20, 2020. While Plaintiff admits that the lockdown was undertaken to help thwart the transmission of the virus, he claims that confining him to a 64 square foot cell with other inmates amounted to cruel and unusual punishment. Plaintiff complains that the cell was not designed to be used as a gym and was not a large enough for rigorous exercise, although he was able to engage in low impact exercise, such as toe touches and squats. Plaintiff claims that he had no outdoor exercise from October 2020 through February 2021. Due to being confined to a small cell, Plaintiff states that he suffered from anxiety, depression, headaches, constipation, occasional confusion, and fear.

Plaintiff also complains that the cells at Hill are linked together or connected by a shared air vent, which may have spread the virus; he was not issued a face mask until April 25, 2020; he was not given antibacterial soap or hand sanitizer; and commissary was allowed only once every two months.

**ANALYSIS**

For a prison official to be liable for deliberate indifference, he must have known of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff fails to plead that any Defendant was deliberately indifferent to his serious medical needs. As noted, Plaintiff does not claim that his COVID-19 symptoms were improperly treated. He alleges that he continues to suffer from unspecified breathing/lung issues, but he again fails to plead that he asked any Defendant for medical treatment or that any Defendant was aware he needed care.

Plaintiff again does not specify if he is suing Defendants in their individual capacity, official capacity, or both. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "A defendant will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Ames v. Randle*, 933 F.Supp.2d 1028, 1037–38 (N.D. Ill. 2013) (quoting *Sanville*, 266 F.3d at 740). Plaintiff fails to plead that any Defendant was personally responsible for the alleged lack of medical care.

Not only has Plaintiff failed to state an individual capacity claim against Defendants, he is precluded from asserting an official capacity claim against IDOC Director Jeffreys and Warden

3

Brannon-Dortch. This is so, as these individuals are state officials, who may not be sued for money damages in their official capacities. "Official capacity suits, generally represent an action against an entity of which an officer is an agent." *Brandon v. Holt*, 469 U.S. 464, 469 (1985). It is not a suit against the official personally, for the real party in interest is the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As agencies of the State of Illinois, IDOC and Hill enjoy the State's Eleventh Amendment sovereign immunity. *See Sittig v. Illinois Dep't of Corr.*, 617 F. Supp. 1043, 1044 (N.D. Ill. 1985); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections); *Wittmer v. Peters*, 904 F. Supp. 845, 855 (C.D. Ill. 1995), *aff'd,* 87 F.3d 916 (7th Cir. 1996) (applying Eleventh Amendment sovereign immunity to dismiss claim for money damages against Warden in his official capacity).

If Dr. Jonathan Ek, Hill's Medical Director, is a state official, he is subject to the same prohibitions. If he is not, he cannot be sued in his official capacity unless he promulgated an unconstitutional policy. *See Williams v. Redman*, No. 20-196, 2021 WL 1907224 (N.D. Ind. May 12, 2021). Plaintiff has not pled such a claim against Defendant Ek.

Plaintiff's allegations regarding the lack of exercise and conditions of confinement based on the March 2020 lockdown fail to state a claim. Plaintiff has not established that Defendants "acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008) (quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)). To plead a culpable state of mind, Plaintiff must demonstrate that Defendants disregarded a substantial risk of harm. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). The allegations in his Second Amended Complaint do not support that Defendants disregarded a risk to Plaintiff but, rather, that they implemented measures to help thwart the transmission of the COVID-19 virus. "While the Seventh Circuit has 'recognized

that lack of exercise can rise to a constitutional violation' when an inmate's movement is restricted to the point where her health is threatened, it has also made clear that not all restrictions on exercise violate the Constitution." *Bowyer v. Johnson*, No.12-02718, 2021 WL 533723, at \*2 (S.D. Ind. Feb. 11, 2021) (dismissing claim of insufficient exercise due to COVID-19-related lockdown at merit review) (quoting *Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015). Here, Plaintiff fails to plead that the lockdown evidenced a "total unconcern for the prisoner's welfare." *Money v. Pritzker*, 453 F. Supp. 3d 1103, 1131 (N.D. Ill. 2020) (quoting *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012)).

Plaintiff's allegations regarding the air vents, lack of facemasks, antibacterial soap, and hand sanitizer, and limited access to the commissary also fail to state a claim. *See Burnette v. Schmaling*, No. 20-1792, 2021 WL 1192362, at \*2 (E.D. Wis. Mar. 30, 2021) (internal citation omitted). "[E]ven though housing inmates in close quarters and staff not wearing masks at all times may not be ideal practices, 'the challenges of managing [the pandemic] in a correctional setting are astronomical.'" *Id.* at \*2 (lack of social distancing, inconsistent mask wearing and lack of hand sanitizer did not amount to inhumane conditions of confinement); *see also Money*, 453 F. Supp. 3d at 1136–37 ("We emphasize that Defendants have broad authority to voluntarily take steps that may prevent the life-threatening spread of COVID-19 within their prisons, and we recognize the deference that is due to prison authorities to determine which additional measures must be taken to avoid catastrophic results."). Plaintiff's Second Amended Complaint is DISMISSED with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff has had ample opportunity to plead a plausible claim for relief and has failed to do so. Plaintiff is not given leave to amend his complaint a third time, as the Court finds that any amendment would be futile.

5

**IT IS THEREFORE ORDERED:**

1)     Plaintiff's Second Amended Complaint is DISMISSED with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

2)     The Clerk is directed to enter Judgment and close this case. This dismissal shall count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3)     Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4)     If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  6/24/2022

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

6